IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ARTHUR LEE HAIRSTON, SR.,

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 1:20-CV-39
                                                                              (GROH)

SOCIAL SECURITY ADMINISTRATION;
MID-ATLANTIC PROGRAM CENTER, PHILADELPHIA;
and COMPASS POINT, MARTINSBURG;

        Defendants.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Pending before the Court is Plaintiff Arthur Lee Hairston, Sr.'s ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that the Court lacks subject-matter jurisdiction over Plaintiff's claims, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

**II.    FACTUAL BACKGROUND**

**A. The Previous Complaint**[1]

Plaintiff filed a similar complaint against the "Social Security Administration Compass

---

[1] The CM/ECF references in this section refer to entries in case number 3:19-CV-3.

Pointe, Martinsburg and Mid-Atlantic Program Center, and Unknown Individuals" in case number 3:19-CV-3. ECF No. 1 at 1. Plaintiff alleged that the Social Security Administration ("SSA") engaged in discrimination and extortion by refusing to reinstate his benefits and seeking repayment of social security benefits. Id. at 2-3. These benefits and payments are the same issues disputed in the current pro se complaint discussed below. The undersigned recommended dismissal of the complaint because it lacked subject matter jurisdiction for failing to exhaust his remedies. ECF No. 6. Chief Judge Groh adopted the undersigned's recommendation. ECF No. 11. The Fourth Circuit affirmed District Judge Groh's ruling. ECF No. 17.

### B. The Instant Pro Se Complaint

On March 5, 2020, Plaintiff filed the instant pro se complaint with two counts alleging in both that Defendants, the Social Security Administration, Mid-Atlantic Program Center of Philadelphia, and Compass Point of Martinsburg (collectively, "Defendants"), systematically discriminated against him. ECF No. 1, at 1-5.

Liberally construed, the facts alleged in Count One of Plaintiff's complaint are as follows. Plaintiff applied for reinstatement of disability benefits. Id. at 2. Because Plaintiff's benefits were not reinstated, he filed a civil rights complaint with the SSA. Id. Plaintiff believes the SSA transferred his case to the Office of General Counsel, who replied it did not have jurisdiction over Plaintiff's case. Id. There are no documents attached to support the allegations in Plaintiff's complaint.[2]

In Count Two, Plaintiff alleges that the SSA requested reimbursement for the overpayment of benefits to Plaintiff. Id. at 3. Plaintiff filed a waiver of reimbursement, but

---

[2] Plaintiff failed to attach any documentation to reflect what, if any, administrative remedies he filed. This failure makes it difficult, if not impossible, to determine whether all administrative remedies were exhausted.

the SSA denied his request. Id. Plaintiff filed a notice of appeal but claims the SSA ignored the appeal notice. Id. Then, Plaintiff filed a civil rights complaint with the SSA, but again believes it was transferred to the Office of General Counsel and denied on jurisdictional grounds. Id. at 3-4. Plaintiff had a hearing before the Office of Hearings Operations, which issued a favorable decision.[3] Id. at 4. However, the SSA continued to "withhold [ ] the overpayment" for seventeen months until the SSA decided to issue Plaintiff a "refund."[4] Id.

Plaintiff makes two distinct claims in his complaint. First, Plaintiff contends that the refusal to reinstate his benefits had a discriminatory effect[5] that caused him serious economic hardship. Id. at 1-3. Second, Plaintiff contends that withholding the funds for seventeen months had a discriminatory effect[6] and caused him to endure serious hardship. Id. at 3-5. Plaintiff admits the SSA "decide[d] to refund [ ] the money," but he nevertheless seeks monetary damages in the amount of $1,000,000.00. Id. at 5.

### III.   LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his or her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has

---

[3] There is no documentation attached to the complaint. Thus, it is difficult to determine whether Plaintiff has exhausted his administrative remedies as to the overpayment issue. Nevertheless, Plaintiff alleges that the overpayment was resolved in his favor.

[4] It is unclear how the SSA withheld an overpayment that Plaintiff allegedly received.

[5] There are no factual allegations describing what type of discrimination occurred.

[6] Again, Plaintiff does not provide any facts nor indicate what type of discrimination occurred.

explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for

4

failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.   DISCUSSION

### A. Jurisdiction

Liberally construed, Plaintiff's complaint alleges that Defendants engaged in discrimination by (1) denying him reinstatement of social security benefits and (2) seeking the repayment of an alleged overpayment of benefits and the withholding of funds. Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction.

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc.

v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987). Here, Plaintiff claims this Court has federal-question jurisdiction under § 1331. ECF No. 1, at 1.

The specific terms under which the SSA may be sued are set forth in 42 U.S.C. § 405(g), as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g). "On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" Mathews v. Eldridge, 424 U.S. 319, 328 (1976); see also Weinberger v. Salfi, 422 U.S. 749, 764 (1975) (holding § 405(g) grants district courts subject matter jurisdiction to hear only those cases that are "final" and "made after a hearing"); Adams v. Heckler, 799 F.2d 131, 133 (4th Cir. 1986) (noting that claimant may have her claim for disability benefits heard by the federal court only if the Secretary of Social Security has made a final decision on the merits of her claim).

"[A] failure to exhaust all administrative appeal remedies in a Social Security disability claim results in no final decision by the Commissioner and 'thus no jurisdiction

for judicial review on the merits of [the claimant's] disability claim . . . ." Blair ex rel I. L. B. v. Astrue, No. 8:11-2099-RMG, 2012 WL 1019334 (D.S.C. Mar. 26, 2012); see also Hopewell Nursing Home, Inc. v. Heckler, 784 F.2d 554, 557 (4th Cir. 1986) ("[T]he exhaustion of available remedies is a prerequisite to jurisdiction under . . . 42 U.S.C. § 405(g) . . . ."); Evans v. Comm'r Soc. Sec. Admin., 670 F. App'x 156, 156 (4th Cir. 2016) ("Pursuant to 42 U.S.C. § 405 . . ., an individual must exhaust administrative remedies before he may challenge an SSA benefits decision in federal court."). However, even if a Plaintiff fails to exhaust his administrative remedies, "courts maintain jurisdiction over requests for a writ of mandamus if the plaintiff establishes that 'the administrative process normally available is not accessible' because the agency fails or refuses to act." Evans, 670 F. App'x at 156 (citing U.S. ex rel. Rahman v. Oncology Assoc., P.C., 198 F.3d 502, 515 (4th Cir. 1999)).

Pursuant to 20 C.F.R. §§ 404.900(a) and 416.1400(a), the administrative review process consists of the following four steps: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. These steps must be followed in order and within the prescribed time period before the federal court may exercise subject-matter jurisdiction. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). The notices of disapproved claims are initial determinations under 20 C.F.R. §§ 404.900(a)(1) and 416.1400(a)(1).

With regard to Count One, Plaintiff's alleges that he was denied reinstatement of social security benefits. However, Plaintiff does not indicate whether he has exhausted his remedies. Regarding Count Two, it appears Plaintiff proceeded with the administrative remedy process, but there is no evidence that Plaintiff exhausted his remedies through

7

the SSA. Thus, the undersigned is deprived of subject-matter jurisdiction to hear these social security issues. Additionally, his issues appear to be resolved because Plaintiff states that "Social Security finally decided to place [him] back on Social Security Disability" and that the SSA issued him a "refund."[7] ECF No. 1 at 3. Accordingly, Plaintiff's social security claims must be dismissed, without prejudice. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

### B. Failure to State a Claim

Although there is no documentation or support in Plaintiff's complaint to reflect that Plaintiff exhausted his administrative remedies, the undersigned will nevertheless proceed to discuss the merits of Plaintiff's claims. Even if Plaintiff did exhaust his remedies, Plaintiff failed to state a claim upon which relief can be granted. Plaintiff claims that he was the victim of discrimination by the SSA. As set forth above, a complaint need not assert "detailed factual allegations," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). The allegations must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.

Here, there is no doubt that Plaintiff's statement that "the discriminatory effect of Social Security's actions, who knew or should have known what they were doing was illegal and

---

[7] It is unclear what Plaintiff is referring to when he claims the SSA issued him a "refund." Was Plaintiff refunded money that was held as an overpayment? Did SSA issue a refund to Plaintiff for the money he paid towards the overpayment, or is Plaintiff referring to something entirely different?
8

would cause great harm," is not only incomprehensible but also conclusory. ECF No. 1 at 5. In addition to being conclusory, Plaintiff fails to allege any facts to support his claims, provide any evidence or exhibits, nor indicate what type of discrimination he suffered. Because Plaintiff's claims are nothing more than conclusory allegations without any supporting facts, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's claims must be dismissed, without prejudice. See 42 U.S.C. § 1915(e)(2)(B)(ii); see also Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

## V.   RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction over Plaintiff's claims, or, in the alternative, Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Arthur Lee Hairston, Sr., shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48

(4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 17th day of June, 2020.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE