```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ARTHUR LEE HAIRSTON, SR.,**

      **Plaintiff,**

   v.                              Civil Action No. 1:20-CV-39
                                          (Judge Kleeh)

**SOCIAL SECURITY ADMINISTRATION;**
**MID-ATLANTIC PROGRAM CENTER,**
**PHILADELPHIA; and COMPASS POINT,**
**MARTINSBURG,**

      **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 5]

Pending with the Court is the Report and Recommendation (R&R) issued by United States Magistrate Judge Robert W. Trumble [Dkt. No. 5]. Plaintiff filed a pro se Complaint [Dkt. No. 1] and a pro se Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 2], and this matter was referred to the Magistrate Judge, pursuant to the Court's Local Rules, for review and submission of an R&R. On June 17, 2020, Magistrate Judge Trumble issued an R&R recommending that this Court dismiss Plaintiff's Complaint without prejudice, based on a lack of subject matter jurisdiction, and deny as moot the motion to proceed in forma pauperis [Dkt. No. 5].

The R&R informed Plaintiff of his right to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 5 at 9]. The R&R further warned that the

"[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals" [Id.]. The docket reflects that the R&R was sent to Plaintiff by certified mail, return receipt requested, and was received by Plaintiff on June 22, 2020 [Dkt. No. 6]. Plaintiffs' objections were received on June 30, 2020 [Dkt. No. 7], followed by a motion to supplement the R&R and amend the complaint with additional "acts" Plaintiff contends are "discriminatory" by the Social Security Administration ("SSA") [Dkt. No. 8].

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Failure to timely object within the appropriate time period shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985).  General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the Court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

**Hairston v. Social Security Administration, et al.   1:20-CV-39**
**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 5]**

The Magistrate Judge recommended that this matter be dismissed because the Court lacks subject matter jurisdiction over the claims [Dkt. No. 5 at 1].  Before making his recommendation, the Magistrate Judge noted Plaintiff's allegations that the SSA engaged in discrimination against him and extortion by refusing to reinstate his benefits and by seeking repayment of social security benefits [Id. at 2].  The Magistrate Judge found that Plaintiff's allegations here are the same issues disputed in a prior action in this District, 3:19-cv-3, which was dismissed for a lack of subject matter jurisdiction [Id.].  There, the recommendation of dismissal was adopted by Chief Judge Groh and affirmed by the Fourth Circuit Court of Appeals [Id. (citing 3:19-cv-3, Dkt. No. 17)].

In this matter, the Magistrate Judge liberally construed pro se Plaintiff's Complaint to allege in Count One that Plaintiff applied for reinstatement of disability benefits and because they were not immediately reinstated, Plaintiff filed a civil rights complaint with the SSA alleging discrimination [Dkt. No. 5 at 2]. In Count Two, Plaintiff alleges that the SSA requested reimbursement for an overpayment of benefits and that a waiver of reimbursement Plaintiff executed was wrongly denied by the SSA [Id. at 2-3].  Plaintiff alleges his administrative notice of appeal was ignored and that he filed a civil rights complaint [Id. at 3].  Plaintiff believes the administrative matter was

transferred to the Office of General Counsel and denied on jurisdictional grounds [Id.]. Plaintiff alleges that he had a hearing before the Office of Hearings Operations, which issued a favorable decision, but that the SSA continued to withhold the overpayment for seventeen (17) months until the SSA decided to issue plaintiff a "refund" [Id.]. Plaintiff contends the refusal to reinstate his benefits had a discriminatory effect, but does not allege what type of discrimination occurred [Id.]. Plaintiff also alleges that withholding funds for seventeen (17) months was likewise discriminatory and caused him to endure serious hardship [Id.]. Plaintiff seeks $1,000,000.00 in monetary damages [Id.].

The Magistrate Judge conducted a preliminary review of Plaintiff's case because Plaintiff sought to proceed in forma pauperis. See 28 U.S.C. § 1915(e). The Court must dismiss a case if it determines that a complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Magistrate Trumble found that there is no indication Plaintiff exhausted his administrative remedies prior to filing the Complaint; therefore, the Court lacks subject matter jurisdiction over the claims [Dkt. No. 5 at 5]; Fed. R. Civ. P. 12(h)(3) (if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action);

5

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 5]**

See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, may precisely, must) be raised sua sponte by the court"). As the Magistrate Judge concluded, "a failure to exhaust all administrative appeal remedies in a Social Security disability claim results in no final decision by the Commissioner and 'thus no jurisdiction for judicial review on the merits of [the claimant's] disability claim . . . .'" Blair ex rel I. L. B. v. Astrue, No. 8:11-2099-RMG, 2012 WL 1019334 (D.S.C. Mar. 26, 2012).

In his objections, Plaintiff accuses the Magistrate Judge of "being untruthful as to the complaints [sic] contents" [Dkt. No. 7 at 1]. Plaintiff asserts that the allegations of his Complaint are sufficient to prove the exhaustion of remedies, and "debunk the magistrates [sic] lie" [Id. at 2]. The Plaintiff also argues against the finding that his Complaint fails to state a claim because two separate counts are included in his Complaint and "[t]he plaintiff is not talking about little green men, trips to Pluto or time travel" [Id.]. Because Plaintiff contends that he cannot make the SSA do its job, he argues that there has been an exhaustion of remedies [Id. at 2-3]. The Court cannot agree.

Plaintiff's objections are non-specific and conclusory, and generally assert that the Magistrate Judge lied in his construction

of the Complaint and is wrong in his findings and recommendation. The Court finds that the Magistrate Judge properly analyzed the law governing the claims and applied the law to the facts as alleged in the Complaint. The SSA has a process in place to address discrimination claims, and the Plaintiff must follow the designated appeal process if he seeks a different outcome regarding his disability determination. The Magistrate Judge correctly analyzed this case and determined that the Court cannot assume subject matter jurisdiction over Plaintiff's claims until after an exhaustion of administrative remedies. <u>Evans v. Comm'r Soc. Sec. Admin</u>, 670 App'x 156, 156 (4th Cir. 2016). The Plaintiff's objections fail to address the manner by which he exhausted his administrative remedies.

Upon careful review and finding no error of fact or law, the Court **ORDERS** that the Magistrate Judge's Report and Recommendation [Dkt. No. 5] is **ADOPTED** for the reasons stated herein. Plaintiff's objections [Dkt. No. 7] are **OVERRULED,** the Complaint [Dkt. No. 1] is **DISMISSED WITHOUT PREJUDICE,** the Plaintiff's motion to proceed <u>in forma pauperis</u> [Dkt. No. 2] is **DENIED AS MOOT,** and the motion to supplement and amend [Dkt. No. 8] is **DENIED AS MOOT. The Clerk is DIRECTED to strike this matter from the Court's active docket.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to the

pro se Plaintiff via certified mail, return receipt requested.

**DATED:** September 23, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE